IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Dwight Xavier Jones, a/k/a Dwight X. Jones, a/k/a Dwight Jones, ) ) | C/A No. 3:23-cv-4893-SAL |
| Plaintiff, ) ) | |
| v. ) ) | |
| Pathward Bank; H&R Block; Angela Wells; and Memphis I.R.S., ) ) ) | **ORDER** |
| Defendants. ) ) ) ) | |

Plaintiff Dwight Xavier Jones, proceeding pro se and in forma pauperis, is a pre-trial detainee who was incarcerated at the Sumter County Detention Center when he filed this action. He filed this civil action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights by Pathward Bank, H&R Block, H&R Block Tax Agent Angela Wells ("Wells"), and Memphis IRS (collectively "Defendants"). This matter is before the court on review of the Report and Recommendation (the "Report") issued by United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C), recommending that this case be summarily dismissed. [ECF No. 12.] Attached to the Report was a notice advising Plaintiff of the right to file objections to the Report. *Id.* at 4. On November 6, 2023, the court received Plaintiff's objections. [ECF No. 15.] Also, since the Report issued, the court has received one letter from Plaintiff. [ECF No. 19.]

Having reviewed Plaintiff's objections and the allegations in his letter, the court overrules Plaintiff's objections and adopts the Report.

1

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts

2

which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

In his complaint, Plaintiff alleges $1802.07 in stimulus payments was deposited by the IRS in his bank account, but Pathward will not issue the full amount of that money to him. *See* ECF No. 12 (citing ECF No. 1). He further alleges Wells has miscalculated or made an error, that Memphis IRS has the "proof," and that H&R Block has the account and routing number in their records. *Id.* As explained in the Report, Plaintiff's complaint states insufficient factual allegations concerning the Memphis IRS to state a § 1983 claim. Plaintiff also fails to allege sufficient facts to demonstrate Pathward Bank, H&R Block, and H&R Block Tax Agent Angela Wells acted under the color of state or federal law, and purely private conduct is not actionable under § 1983. *See* ECF No. 12 at 3. The court agrees with the recitation of facts and application of law in the Report and adopts the same without a full recitation.

Plaintiff's objections do not identify any error in the Report, but those objections demonstrate Plaintiff disagrees with some of the magistrate judge's reasoning. Largely, Plaintiff's objections consist of recitations of case quotations and legal authorities, in addition to restatements of and supplements to the allegations in his complaint. *See* ECF No. 15. Here, the court liberally construes Plaintiff's objections and addresses them below.

In his objections, Plaintiff challenges dismissal of his case by citing to inapplicable legal authority. [ECF No. 15 at 1.] That is, instead of referencing law applicable to a § 1983 claim, Plaintiff's objections refer to the elements required for a petition for a writ of mandamus to be granted. *See id.*; *see also U.S. ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 511 (4th

3

Cir. 1999). Because the law Plaintiff relies upon is inapplicable here, his objections based on that law are overruled.

Otherwise, Plaintiff's objections and case references are based on his right to receive stimulus checks under the "CARES" Act. [ECF No. 15 at 2.] But any right Plaintiff has to receipt of his funds does not cure the deficiency of Defendants Pathward, H&R Block, and Wells being non-state actors. As explained in the Report, purely private conduct is not actionable under § 1983 suits. [ECF No. 12 at 3.] Further, Plaintiff has failed to cure the deficiencies in his claims against Memphis IRS. Accordingly, Plaintiff's objections are overruled.

The court has also reviewed Plaintiff's letter received February 15, 2024. [ECF No. 19.] The letter does not address the Report or allegations in this case. Instead, Plaintiff lists various complaints regarding his incarceration at the Sumter/Lee Regional Detention Center. He asks to be removed from the facility and for injunctive relief and a temporary restraining order. *Id.* at 2. This is not the appropriate action in which to raise these complaints. And they have no bearing on the dismissal of this case. Additionally, based on Plaintiff's change of address filed in another case, it appears he has been moved from the Sumter County Detention Center.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 12, in its entirety. As a result, this case is **SUMMARILY DISMISSED** without issuance and service of process.

**IT IS SO ORDERED.**

July 17, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge